UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SALAH H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-687-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred in (1) excluding diabetes and diabetic neuropathy as severe impairments at step two, (2) assessing the opinions of a treating physician, and (3) finding him capable of performing light work. Dkt. 10 at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 65 years old, has one year of college education, and previously worked as a convenience store cashier and shipping processor. Tr. 38-39. In July 2017, he applied for benefits, alleging disability as of June 1, 2011, with a date last insured of March 31,

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

2016. Tr. 200-03.[1]  His application was denied initially and on reconsideration.  Tr. 125-31, 135-41.  The ALJ conducted a hearing in December 2020 (Tr. 27-48), and subsequently found Plaintiff not disabled.  Tr. 15-22.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

**DISCUSSION**

**A.     Step Two**

At step two, the ALJ found Plaintiff's lumbar degenerative disc disease was a severe impairment.  Tr. 18.  Plaintiff contends the ALJ erred by failing to include diabetes and diabetic neuropathy as severe impairments.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  Plaintiff notes the record contains references to his diabetes and related neuropathy, and emphasizes the State agency consultants listed diabetes as a severe impairment.  Dkt. 10 at 14 (citing Tr. 74, 93).

The record indeed contains the references to Plaintiff's diabetes and diabetic neuropathy cited in Plaintiff's opening brief (Dkt. 10 at 14 (citing Tr. 284, 289, 421, 423, 425, 429, 432, 689-90, 701, 710)), but Plaintiff does not point to any evidence showing these conditions caused any ongoing workplace limitations.  Because Plaintiff has failed to show his diabetes and diabetic neuropathy were severe as defined in the regulations, Plaintiff fails to meet his burden to show harmful legal error in the ALJ's step-two findings.

//

---

[1] Plaintiff also applied for Supplemental Security Income and was found disabled as of his application date. *See* Tr. 106-07.

**B.      Opinions of Michael Lippman, M.D.**

Under regulations applicable to this case, the ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 404.1520c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Lippman, Plaintiff's primary care physician, completed two DSHS form opinions describing Plaintiff's physical limitations in 2016.[2]  Tr. 489-96.  In the first opinion, Dr. Lippman opined Plaintiff could not perform even sedentary work for a period of three months, and the second opinion indicated Plaintiff was limited to sedentary work for six months.  *Id*.  The ALJ found both opinions unpersuasive because Dr. Lippman did not cite any medical records to support his conclusions, and because the opinions were inconsistent with the longitudinal medical record, which documents Plaintiff was "essentially able to function physically" despite mild-to-moderate findings via MRI.  Tr. 20.

Plaintiff argues the ALJ erroneously found Dr. Lippman's opinions to be unpersuasive because (1) there is no requirement that a physician provide medical records to substantiate an opinion, (2) Dr. Lippman's treatment notes, the range-of-motion testing attached to the opinion, and the longitudinal record are in fact consistent with the opinion, and (3) the ALJ's finding Plaintiff was able to "function physically" is so vague as to be legally inadequate.  Dkt. 10 at 6-13.

The Court agrees the AL erred. First, when a treating provider writes a medical opinion,

---

[2] The ALJ mistakenly described one of Dr. Lippman's opinions as written in 2011, but this appears to be a scrivener's error.  Tr. 20.  The ALJ will have the opportunity to correct this error on remand.

the Court should look to the provider's treatment notes to determine whether the opinion is supported. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014). Here, Dr. Lippman's treatment notes reference positive straight leg raising in March 2016 (Tr. 955), and at that time Dr. Lippman recommended increasing Plaintiff's pain medication. Tr. 955. Plaintiff reported the following month that his pain improved and he could now walk one mile per day. *See* Tr. 949. Later in April 2016, Plaintiff reported to Dr. Lippman that his pain was "ok" and "intermittent." Tr. 946. In August 2016, Dr. Lippman compared a recent MRI to a 2006 MRI and observed Plaintiff's condition had not objectively worsened and had perhaps improved, yet Plaintiff reported his pain was worse. Tr. 935-37. Dr. Lippman referred Plaintiff to a spine specialist to inquire about epidural injections. *Id*. In September 2016, Dr. Lippman recorded Plaintiff failed a tandem walk. Tr. 930-33. In October 2016, Plaintiff reported to Dr. Lippman that his back pain had increased to the point that he could only sit for half an hour, and Plaintiff was scheduled to discuss surgical options with a neurologist the next day. Tr. 925-28. The following month, Plaintiff told Dr. Lippman he could no longer sleep due to pain, and his surgery was coming up soon. Tr. 921-22. In December 2016, Plaintiff reported debilitating pain that he hoped would be resolved by surgery in January, and Dr. Lippman noted Plaintiff had limited range of motion in his back, due to pain. Tr. 917-20.

The ALJ did not discuss these treatment notes and instead relied on emergency room records that pertain to Plaintiff's treatment for acute complaints related to eye problems, stomach pain, skin rash, chest pain, and diabetes, when finding that Plaintiff's physical findings during the adjudicated period were normal. *See* Tr. 20 (citing Tr. 354, 362-63, 382, 462, 468, 476). The ALJ's failure to look to Dr. Lippman's treatment notes and other contemporaneous treatment notes (*e.g.*, Tr. 644-45, 648-49, 675-76, 679-80) related to Plaintiff's back condition

when considering whether Dr. Lippman's opinion is supported renders the ALJ's supportability finding erroneous.

The ALJ also found Dr. Lippman's opinions were inconsistent with the record showing that Plaintiff "was essentially able to function physically" (Tr. 20), but this finding is not supported by substantial evidence.  As summarized *supra*, the contemporaneous treatment notes indicate Plaintiff had significant limitations in his physical functioning during the adjudicated period.  Furthermore, as noted by Plaintiff (Dkt. 10 at 8), the ALJ's finding Plaintiff maintained the ability to "essentially . . . function physically" is vague because the degree of physical function is undefined.  As cited *supra*, the treatment record references many physical limitations that Plaintiff experienced during the adjudicated period and the ALJ employed cherry-picking when finding that Dr. Lippman's opinion was inconsistent with the treatment record.  Thus, the ALJ's consistency finding is also erroneous.

Because the ALJ's consistency and supportability findings are erroneous, the ALJ erred in finding Dr. Lippman's opinions unpersuasive.

C.     **Light Work**

Plaintiff argues the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence because it conflicts with Dr. Lippman's opinions, and the ALJ found all of the other opinions of record to be unpersuasive.  Dkt. 10 at 12-13.  Because, as explained *supra*, the ALJ must reconsider Dr. Lippman's opinions on remand, the ALJ will need to reconsider the RFC on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

405(g).  On remand, the ALJ shall reconsider Dr. Lippman's opinions, develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability determination process as necessary.

DATED this 28th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge